**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **APHONSO THOMAS** | § | |
| **#02468303,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **A-25-CV-01879-ADA** |
| | § | |
| **TEXAS BOARD OF PARDONS AND** | § | |
| **PAROLE,** | § | |
| **DEFENDANT.** | § | |

## ORDER

Before the Court is Plaintiff's signed complaint (ECF #10).  The Court granted Plaintiff leave

to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses Plaintiff's

complaint.

## STATEMENT OF THE CASE

At the time he filed his civil-rights complaint, Plaintiff was confined in the Choice Moore

Unit of the Texas Department of Criminal Justice - Correctional Institutions Division.  Plaintiff is

serving a 12-year sentence for DWI/3RD out of Smith County that was committed on March 3, 2021.

He previously was convicted of manslaughter in Smith County and was sentenced to ten years for

the crime committed on May 6, 2001.  The Texas Board of Pardons of Paroles (the "Board) denied

Plaintiff parole on March 21, 2025, and cited the following reasons for the denial:

> 1D CRIMINAL HISTORY - THE RECORD INDICATES THAT THE OFFENDER
> HAS REPEATEDLY COMMITTED CRIMINAL EPISODES THAT INDICATE
> A PREDISPOSITION TO COMMIT CRIMINAL ACTS UPON RELEASE
>
> 2D NATURE OF OFFENSE - THE RECORD INDICATES THE INSTANT
> OFFENSE HAS ELEMENTS OF BRUTALITY, VIOLENCE, ASSAULTIVE
> BEHAVIOR, OR CONSCIOUS SELECTION OF VICTIM'S VULNERABILITY
> INDICATING A CONSCIOUS DISREGARD FOR THE LIVES, SAFETY, OR

PROPERTY OF OTHERS, SUCH THAT THE OFFENDER POSES A CONTINUING THREAT TO PUBLIC SAFETY

3D DRUG OR ALCOHOL INVOLVEMENT - THE RECORD INDICATES EXCESSIVE SUBSTANCE USE INVOLVEMENT

Plaintiff contends the Board violated his constitutional rights when it denied him parole. Plaintiff claims the Board used old charges that are discharged to take away Plaintiff's "short way" or deny him parole. In doing so, Plaintiff contends the Board's denial violated his right to be free from double jeopardy. Plaintiff complains the Board reads hidden information on their computers that an inmate never has a chance to see or dispute. Plaintiff seeks his immediate release and monetary relief.

## DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An *in forma pauperis* proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.      Eleventh Amendment Immunity

The Board and its members sued in their official capacities are immune from suit under the

Eleventh Amendment.  The Eleventh Amendment generally divests federal courts of jurisdiction to

entertain suits directed against states.  *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304

(1990).  The Eleventh Amendment may not be evaded by suing state agencies or state employees in

their official capacity because such an indirect pleading remains in essence a claim upon the state

treasury.  *Green v. State Bar of Texas*, 27 F.3d 1083,1087 (5th Cir. 1994).

C.      Absolute Immunity

To the extent Plaintiff is attempting to seek monetary damages against the individuals, who

reviewed him for parole, those individuals are protected by absolute immunity.  *See Littles v. Board*

*of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995).  They are entitled to absolute

immunity from liability for their conduct in parole decisions and in the exercise of their decision-

making powers.  *Id.*  As explained below, Plaintiff also fails to establish a violation of his

constitutional rights.

D.      Due Process

 "The protections of the Due Process Clause are only invoked when State procedures which

may produce erroneous or unreliable results imperil a protected liberty or property interest." *Johnson*

*v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (citations omitted).  Because Texas prisoners have

no constitutionally protected liberty interest in parole, "they cannot mount a challenge against any

state parole review procedure on procedural (or substantive) Due Process grounds."  *Id.* (citations

omitted).  Allegations that the Board considers unreliable or even false information in making parole

determinations, without more, simply does not assert a federal constitutional violation. *Id.*  "[I]n the

3

absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." *Id.* at 309 n.13. Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

E.      Equal Protection

Plaintiff brings a class-of-one challenge, arguing he was treated differently than other similarly situated inmates. Courts review class-of-one equal protection claims under a "two-prong test." *Lindquist v. City of Pasadena*, 669 F.3d 225, 233 (5th Cir. 2012). "[T]he plaintiff must show that (1) he ... was intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in treatment." *Id.* To determine who constitutes a similarly situated comparator in the equal protection context, the court must "consider the full variety of factors that an objectively reasonable ... decisionmaker would have found relevant in making the challenged decision." *Id.* at 234 (citation modified). This is a case-specific inquiry that is not "susceptible to rigid, mechanical application." *Id.* at 233.

Plaintiff failed to identify any similarly situated comparators. Instead, he generally complains parole decisions are based on the unconstitutionally discriminatory factors of race and wealth. He claims the Board uses different criteria when considering black and white prisoners for parole. Plaintiff's conclusory allegations fail to state an equal protection violation.

F.      Double Jeopardy

Plaintiff also has not stated a valid double jeopardy claim. The denial of release on parole is not an additional punishment. *Olstad v. Collier*, 326 Fed. Appx. 261, 265 (5th Cir. 2009) (citation omitted). Plaintiff's 12-year sentence has not been extended by the Board of Pardons and Paroles,

and his eligibility for parole has not been changed.  Rather, the Board determined Plaintiff was not suitable for release on parole.  This does not violate the Double Jeopardy Clause.

G.    Habeas Corpus

Finally, to the extent Plaintiff seeks an immediate release he must pursue relief in a petition for writ of habeas corpus.  The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief.  *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).  The Court declines to construe this action as a request for habeas corpus relief.  If Plaintiff did not intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, any subsequently filed applications could be subject to the restrictions on "second or successive" motions. *See e.g. Castro v. United States*, 540 U.S. 375 (2003).

Moreover, venue is improper in this Court for Plaintiff's claims seeking habeas corpus relief. Venue is proper in a habeas corpus action in either the district court where the petitioner is in custody or in the district within which the petitioner was convicted and sentenced.  *See* 28 U.S.C. § 2241(d). Plaintiff's conviction is out of Smith County, which is within the geographical boundaries of the Tyler Division of the Eastern District of Texas.  Plaintiff is confined in the Choice Moore Unit, which is within the geographical boundaries of the Sherman Division of the Eastern District of Texas.

CONCLUSION

The Court lacks jurisdiction over Plaintiff's claims against the Board and its members sued in their official capacities for monetary damages because Plaintiff's claims are barred by the Eleventh Amendment.  To the extent Plaintiff is attempting to sue the individuals, who reviewed his

parole, those individuals are protected by absolute immunity.  In addition, Plaintiff fails to state a claim for relief for violations of due process, equal protection, or double jeopardy.  Finally, to the extent Plaintiff seeks his immediate release, his claims must be raised in a habeas corpus petition and filed in a court with proper venue.  Ordinarily, the Court would allow Plaintiff an opportunity to amend his complaint before dismissal.  However, any amendment in this case would be futile.

It is therefore **ORDERED** that Plaintiff's civil-rights claims against the Texas Board of Pardons and Paroles and its members sued in their official capacities for monetary damages are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

It is further **ORDERED** that Plaintiff's remaining civil-rights claims are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff's claims seeking his immediate release are **DISMISSED WITHOUT PREJUDICE** to filing a petition for writ of habeas corpus in a court with proper venue.

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of this Order and the Court's  judgment to the keeper of the three-strikes list.

SIGNED on February 17, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE